**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Evan Reed, Jr., | No. CV-17-04752-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the court is Plaintiff Charles Evan Reed Jr.'s ("Plaintiff") appeal from the Social Security Commissioner's (the "Commissioner") denial of his application for Supplemental Security Income Benefits.

## I. Background

On March 25, 2011, an Administrative Law Judge ("ALJ") delivered an order finding Plaintiff was not disabled, but "limited to simple, routine work." R. at 105. Thereafter, on December 18, 2013, Plaintiff filed an additional application for Supplemental Security Income Benefits, alleging the severity of his impairment had increased since being denied Supplemental Security Income Benefits in March 2011. R. at 16. On July 7, 2016, an ALJ again found Plaintiff was not disabled, reasoning Plaintiff had failed to prove a change in circumstances related to his mental impairments sufficient to overcome the presumption of continuing nondisability, and adopting the prior residual functional capacity of "simple, routine work." *Id.* at 13, 21.

## II. Legal Standard

Generally, an ALJ's disability determination should be upheld if it is both free from legal error and supported by substantial evidence. *Smolen v. Chater*, 80 F. 3d 1273, 1279 (9th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F. 3d 683, 686 (9th Cir. 2005). Substantial evidence is more than a scintilla, but less than a preponderance of the evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

An ALJ's determinations, including the finding of a plaintiff's residual functional capacity, "are entitled to some res judicata consideration in subsequent proceedings." *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988).
> [A]n ALJ's finding that a claimant is not disabled "create [s] a presumption that [the claimant] continued to be able to work after that date." *Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir.1985). The presumption does not apply, however, if there are "changed circumstances." *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). An increase in the severity of the claimant's impairment would preclude the application of res judicata. *Id.*

*Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995), as amended (Apr. 9, 1996). "Once the claimant overcomes the presumption of nondisability, she must then prove that she is in fact disabled." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000).

## III. Analysis

Plaintiff argues that the ALJ committed materially harmful error by: (1) rejecting Reed's symptom testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in the record as a whole; (2) rejecting assessments by treating psychologists Janice Cochran, M.D., and Monica Faria, M.D.; and (3) concluding Reed's changed circumstances were not sufficient to overcome the presumption that he was not disabled.

A. The ALJ Did Not Err in Rejecting Plaintiff's Symptom Testimony

"In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ must engage in a two-step analysis." *Vasquez v. Astrue*, 572 F. 3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.* In weighing a claimant's credibility, the ALJ may consider inconsistencies between his testimony and his conduct, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *See Smolen*, 80 F. 3d at 1284 (citations omitted). "The information that your medical sources or nonmedical sources provide about your pain or other symptoms is also an important indicator of the intensity and persistence of your symptoms." 20 C.F.R. § 416.929(c)(3). In determining the extent to which symptoms affect capacity to perform basic work activities, the court will consider all available evidence and evaluate the claimant's statements in relation to the objective medical evidence, accounting for any inconsistencies in the evidence and conflicts between the claimant's statements and statements by his medical sources. 20 C.F.R. § 416.929(c)(4).

Here, the ALJ provided specific, clear, and convincing reasons for discrediting Plaintiff's testimony by stating that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not supported by the evidence to the extent they were inconsistent with the residual functional capacity assessment, R. at 23, and then elaborating on the remark. The ALJ properly cited evidence of Dr. Reynolds' treatment records as an indicator of Plaintiff's symptoms, stating Plaintiff continued to have seizures, but they were mostly nocturnal, occurred only a couple times a month, lasted only 10 to 30 minutes, and were less frequent when taking medication. *Id.* at 23-24, 28

(citing R. at 850-76 (noting that on January 2, 2014, Plaintiff had "[n]o seizure events since starting the PHB [medication]" after his prior visit on November 19, 2013); R. at 1038-39 (noting Plaintiff's seizures occurred about 5 times per month and average duration of symptoms was 10 to 30 minutes)). The ALJ also properly cited evidence of Dr. De Marte's evaluation that there was no delusional theme surrounding his hallucinations, noting that "these responses are typically found in individual[s] who exaggerate their symptoms." *Id.* at 26. Furthermore, the ALJ noted inconsistencies in Plaintiff's testimony, namely, Plaintiff reported in a Seizure Questionnaire on March 14, 2014 as having seizures about four times a week, but in that form also reported his most recent seizure was in November 2013. *Id.* at 24. Accordingly, the ALJ provided sufficient reasons for rejecting Plaintiff's symptom testimony.

B. <u>The ALJ Did Not Err in Weighing the Assessments by Drs. Cochran and Faria</u>

An ALJ "must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F. 3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F. 3d 995, 1012 (9th Cir. 2014). The ALJ accords "controlling weight" to a treating doctor's opinion where medically-approved, diagnostic techniques support the opinion and the opinion is not inconsistent with other substantial evidence. *See* 20 C.F.R. § 404.1527(c)(2); *Revels v. Berryhill*, 874 F. 3d 648, 654 (9th Cir. 2017). If the opinion is not accorded controlling weight, then the ALJ looks to a number of other factors in determining how much weight to give it, including evidence supporting the treating doctor's opinion and the consistency of the opinion. *Id.* "[A]n ALJ may disregard a medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F. 3d 1011, 1012 (9th Cir. 2015). "Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(4).

Here, the ALJ provided specific and legitimate reasons for discrediting the opinions of Drs. Cochran and Faria. In deciding to give the opinion of Dr. Cochran limited weight,

the ALJ stated her opinion that Plaintiff was unable to complete an eight-hour workday appeared "excessive in light of Dr. Cochran's treatment notes and prescribed treatment course." R. at 27-28. Specifically, on June 3, 2014, Dr. Cochran noted Plaintiff denied paranoid or delusional thoughts, and did not wish to take any medication for his hallucinations. *Id.* at 26. Further, on July 1, 2014, Dr. Cochran noted Plaintiff "had no paranoia, delusions, reacting thoughts, scattered attention or mood swings." *Id.* at 27. On December 23, 2014, Dr. Cochran "noted that the claimant continued to report hearing voices, but was able to function despite this." *Id.* at 27. Lastly, Dr. Cochran's treatment records on May 7, 2015 state that Plaintiff reported improvement in his hallucinations. *Id.* Accordingly, substantial evidence supported the ALJ's decision to assign limited weight to Dr. Cochran's opinion.

When discrediting Dr. Faria's opinion, the ALJ stated that Dr. Faria's opinion was unsupported, conclusory, and was given little weight. R. at 28. Dr. Faria concluded that Plaintiff suffered moderate limitations that would prevent him from completing an eight-hour workday, *Id.*, but on August 28, 2015, Dr. Faria noted Plaintiff's hallucinations were low grade and minimal and his global risk assessment was low. *Id.* at 27. Accordingly, substantial evidence supports the ALJ's decision to assign little weight to Dr. Faria's opinion.

C. <u>The ALJ Failed to Provide Substantial Evidence in Support of Her Finding that There Were No Changed Circumstances Regarding Plaintiff's Impairment, But Did Not Err in Finding Plaintiff Remained Able to Work</u>

In order to determine whether the severity of Plaintiff's impairment increased, the level of Plaintiff's impairment at the time of the prior ALJ decision needed to be compared with the level of impairment during the unadjudicated period. The ALJ did not cite to evidence underlying the prior ALJ decision. Thus, the current ALJ erred in failing to review evidence from the earlier application.

> Even when the ALJ commits legal error, we uphold the decision where that error is harmless," meaning that "it is inconsequential to the ultimate nondisability determination," or that, despite the legal error, "the agency's

path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.

*Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted).

In this case, the error is harmless because the ALJ continued through the five-step process and ultimately determined Plaintiff was not disabled.

## IV. Conclusion

The Court found above that the ALJ did no err when rejecting Plaintiff's symptom testimony. Additionally, the ALJ properly accorded limited weight to the opinions of Drs. Cochran and Faria, and Plaintiff's symptom testimony. The ALJ accorded greater weight to the opinions of Drs. Lazorwitz and Tandell because they were more consistent with Plaintiff's treatment records. R. at 29. The opinions of these physicians, who opined Plaintiff's impairment was unchanged, along with the Plaintiff's treatment records, provide a basis for determining that plaintiff had the capacity to work as a cashier. Therefore, ALJ's finding is free from legal error and supported by substantial evidence.

**IT IS ORDERED** that the ALJ's decision is affirmed. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 30th day of August, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge