WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Evan Reed, Jr., | No. CV-17-04752-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (Doc. 30.) Plaintiff attached a memorandum in support of the motion. (Doc. 31.) The Social Security Administration ("SSA") has filed a response. (Doc. 33.) Plaintiff has filed a reply. (Doc. 40.) The Court grants the motion and awards $27,709.80 for the reasons discussed below.

**I.    BACKGROUND**

Plaintiff commenced this social security action on December 22, 2017. (Doc. 1.) On August 30, 2019, this Court affirmed the Commissioner of Social Security's decision that Plaintiff was not disabled pursuant to the Social Security Act, 42 U.S.C. §§ 416, 423 (Docs. 23, 24.) Plaintiff appealed, and on November 19, 2020, the Ninth Circuit reversed and remanded this case to the SSA for further proceedings. (Memorandum, No. 19-17179, DktEntry 36-1.)

Thereafter, Plaintiff filed the instant motion for attorney's fees and supporting

memorandum.[1] (Doc. 30, 31.) The Commissioner opposes the granting of fees, contending that its position in defending the ALJ's assessment was "substantially justified" and alternatively, that the fees are nevertheless unreasonable. (Doc. 33 at 5, 10.) Plaintiff filed a reply. (Doc. 40.)

## II. LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") provides for an award of fees, other expenses, and costs to a prevailing plaintiff "in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action" unless "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The United States' position "includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meir v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). In the social security context, the ALJ's decision is the relevant underlying agency action. *Id*.

To be "substantially justified," the government's position does not need to be correct, but rather needs to be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of showing "that its position was substantially justified or that special circumstances exist." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001.) An agency's decision that was "unsupported by substantial evidence" is "a strong indication" that the United States' position "was not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). "'Indeed, it will be only a "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id*. (*citing Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)). However, this is not dispositive, because the government's loss "does not raise

---

[1] Plaintiff's motion sought payment as authorized by the EAJA in the amount of $26,255.34. (Doc. 30 at 2.) Plaintiff's reply in support of the motion amended that amount to $27,709.80 based on the additional time spent to complete the pending briefing. (Doc. 40 at 16.)

a presumption that its position was not substantially justified." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir. 2019). The Court should only consider the "procedural issues" that caused the remand and need not consider "the ultimate issue of disability" or the government's position on "any other questions." *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995); *see also Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (citing *Flores*, 49 F.3d at 570) ("The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified.").

### III. DISCUSSION

Plaintiff asserts he is the prevailing party for EAJA purposes because he obtained a remand for further proceedings from the Ninth Circuit. (Doc. 30 at 1); *see Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). The Commissioner does not dispute Plaintiff's prevailing party status. (Doc. 33 at 4.) Therefore, the Court will now determine whether the SSA has succeeded in showing the government's position was substantially justified.

#### A. Substantial Justification

When determining whether the government's position was substantially justified, "unreasonable agency action at any level entitles the litigant to EAJA fees." *Ibrahim*, 912 F.3d at 1167; *see also Meier*, 727 F.3d at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified."). Hence, the Court will first determine whether the ALJ decision was substantially justified.

The Ninth Circuit upheld the ALJ's rationale on all but one issue. (Doc. 31 at 6.) The appellate court remanded because the ALJ erred in rejecting the Plaintiff's testimony regarding the severity of his symptoms. (*Id.*) The Ninth Circuit held that the ALJ "could only reject Reed's testimony … by offering specific, clear and convincing reasons for doing so." (*Id.* at 6-7); *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The appellate court noted that the ALJ '"merely stated that Reed's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not supported by the

evidence to the extent they are inconsistent with the above residual functional capacity assessment," and then turned to a discussion of the medical evidence.'" (*Id.* at 7.) Thus, the Circuit court found that the ALJ's findings were "insufficient to meet our requirements of specificity." (*Id.*)

The SSA contends the Ninth Circuit remanded because "the panel took a different view" regarding how the ALJ should have articulated its findings about Plaintiff's subjective symptoms, and "the ALJ cited the standard boilerplate language." (Doc. 33 at 7.)[2] The Commissioner further adds that the panel did not state whether the ALJ's findings "would have been proper reasons" because the findings were "articulated in a different portion of the ALJ decision." (*Id.*) The Plaintiff argues that this is incorrect because the ALJ did not "specify what symptom testimony is rejected, and what evidence is found to undermine that symptom testimony." (Doc. 40 at 4.) Plaintiff is correct. The ALJ failed to offer "specific, clear and convincing reasons" for rejecting Plaintiff's testimony. (Doc. 31 at 6, 7.)

An ALJ's failure to provide "clear and convincing reasons" for discrediting a plaintiff's testimony is a fundamental procedural error that lacks substantial justification. *Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008). "General findings are insufficient" to discredit Plaintiff's subjective symptom testimony. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Here, the ALJ committed a fundamental procedural error by rejecting the Plaintiff's symptom testimony without clear and convincing reasons. Therefore, the underlying government action was not substantially justified.

At this point in the analysis, since the Court has found that the government's underlying action was not substantially justified, the Court does not need to address whether the government's litigation position was substantially justified. *See Meier*, 727 F.3d at 872. However, for good measure, the Court will still address this inquiry. While the

---

[2] The SSA mentions that the "ALJ's specific findings discussed by this Court" were not analyzed by the Ninth Circuit. (Doc. 33 at 7.) "It is settled law that a district court's decision to affirm, reverse or modify a determination of the Social Security Administration is reviewed *de novo* on appeal." *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).

government's defense of an ALJ's procedural error "does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors . . . is difficult to justify." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

The SSA argues that the its actions met a "'lower substantially justified'" standard. (Doc. 33 at 5.) More specifically, the SSA cites to *Tommasetti* to assert that the defense of the ALJ's decision was substantially justified because "an ALJ's 'credibility' findings are sufficient when they show that the ALJ did not arbitrarily discredit a claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). However, the opinion goes further to state that, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* As mentioned above, the ALJ failed to offer such reasons here. Therefore, the SSA has clearly not presented evidence of a lower substantially justified standard.[3]

The SSA contends that the fact this Court affirmed the agency decision to deny Plaintiff's application for disability benefits "implies [the SSA's] position was reasonably based in law and fact." (Doc. 33 at 6.) The Plaintiff argues that "while a prior favorable

---

[3] The SSA additionally cites to *Williams v. Bowen*, 934 F.2d 221, 223 (9th Cir. 1991), *amended and superseded by Williams v. Bowen*, 966 F.2d 1259 (9th Cir. 1991), to show that the substantial justification test is satisfied if "some evidence supported the Secretary's position." (Doc. 33 at 8.) While *Bowen* held that the district court did not abuse its discretion in denying EAJA fees, the Ninth Circuit case law has since adopted a new interpretation of substantial justification. *See Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995).

The SSA also cites to *Hardisty v. Astrue*, 592 F.3d 1072, 1075 (9th Cir. 2010), to argue that the ALJ's subjective symptom analysis has a "reasonable basis in fact" because the record "provides at least some support for the ALJ's findings." (Doc. 33 at 8.) However, *Hardisty* does not apply to these facts. In *Hardisty*, the ALJ made an erroneous credibility finding due to facts and testimony that were later discredited. *Hardisty*, 592 F.3d at 1075. There, the Ninth Circuit found the government's position substantially justified because the evidence that the government relied upon to make its credibility determination had some basis in the record. *Id.* Here, the cause for remand is solely because the ALJ failed to set forth "specific, clear and convincing reasons" to reject the Plaintiff's testimony. (Doc. 31 at 6.)

ruling may be a factor to be considered," the ruling is insufficient to demonstrate substantial justification. (Doc. 40 at 3.) "Obviously, the fact one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. 552 at 569. However, "objective indicia," such as prior court rulings, can be relevant to establishing "substantial justification." *Id.* at 553. The prior decision is not alone sufficient to show the government's litigation position was substantially justified.

Thus, the Court finds Plaintiff eligible for an award of fees under the EAJA.

**B. Reasonableness of the Fee Request**

"[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[4] Hours that were not "reasonably expended" should be excluded from the initial fee calculation. *Id.* This method of fee calculation is now referred to as the "lodestar" method. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

The SSA does not dispute the reasonableness of the hourly rate charged because Plaintiff's counsel charged the statutory maximum rates.[5] However, the SSA disputes whether the amount of time Plaintiff's counsel billed was reasonable.

Plaintiff requests $27,709.80 in attorney's fees as reimbursement for 135.30 billable hours. (Doc. 31; Doc. 40.) The SSA argues that the Court should reduce Plaintiff's original fee request by $6,279.10 to account for unreasonable billing. (Doc. 33 at 19.) The SSA challenges the documented hours on the following grounds: (1) the Plaintiff has "failed to

---

[4] In *Whitehead v. Colvin*, 2016 WL 1464469, at *2 n.1 (W.D. Wash. Apr. 14, 2016), the court noted that the Prison Litigation Reform Act had in part superseded *Hensley*. This statutory change is not relevant here, because this case does not involve prisoner litigation.
[5] "Statutory Maximum Rates Under the Equal Access to Justice Act," available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

meet his burden that his fee request is reasonable," (2) the amount of fees "requested for drafting of the complaint" is unreasonable, (3) the "time spent drafting and reviewing the district court opening brief was unreasonable," (4) the "time spent drafting and reviewing the Ninth Circuit opening brief was unreasonable, and (5) the fees sought for "reviewing filed documents that counsel had already reviewed and edited are unreasonable." (*Id.* at 2.) The SSA does not cite to any authority to offer arguments concerning its first point that Plaintiff's counsel's fees were unreasonable. (*Id.* at 10.) Therefore, the Court will focus on the SSA's remaining four arguments.

The SSA contends that there is no justification for "spending 9.5 hours drafting a 16-page complaint." (*Id.* at 9.) To support this position, the SSA argues that Plaintiff's counsel could have drafted a simpler complaint, akin to the *pro se* complaints this Court and other courts find sufficient. (*Id.* at 10.) The Plaintiff argues that a "persuasive complaint might avoid further litigation by convincing the agency that its position is unjustified and the case merits remand for administrative action to correct the agency's errors." (Doc. 40 at 11.) The Plaintiff cites to 42 U.S.C. § 405(g) which contemplates such a scenario and multiple cases where this occurred. (*Id.*) Expending time early on at the complaint-stage to avoid unnecessary litigation is wise in any litigation, and the Court finds the time requested is not unreasonable.

The Commissioner asserts that the time Plaintiff's counsel spent drafting the district court and Ninth Circuit briefs was unreasonable because of the use of boilerplate language and the "duplicate work." (Doc. 33 at 14, 17.) The Plaintiff contends that the use of boilerplate language saved time. (Doc. 40 at 12.) Additionally, while the use of multiple attorneys may lead to some duplication of services, the Plaintiff asserts that "it is the result that counts," and the case here "could have been more efficiently lost, as well." (Doc. 40 at 12); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("One certainly expects some degree of duplication as an inherent part of the process."). The Court agrees with the Plaintiff that technical efficiency is not the primary aim of representation and finds that the hours expended to draft the district court and Ninth Circuit briefs was

reasonable.

The SSA additionally asserts that Plaintiff's counsel should not request fees for time spent reviewing filed documents. (Doc. 33 at 18.) Plaintiff contends that "at times errors have been caught in filed documents that could be corrected before this Court's review." (Doc. 40 at 15.) Because this Court allows for the correction of errors in filed documents, such review for potential revisions is acceptable.

Finally, the Commissioner argues that any fees requested by Plaintiff in drafting a reply should not be permitted. (Doc. 33 at 18.) The Plaintiff requests compensation for 7.0 additional hours. (Doc. 40 at 16.) The award of "fees-on-fees," or fees accrued in connection with a motion for attorney's fees, is permitted. *Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir. 1995). Therefore, the total EAJA request of $27,709.80 will be awarded.

Pursuant to Plaintiff's fee agreement (Doc. 31-1), the Court will award EAJA attorney's fees payable to Plaintiff's counsel so long as Plaintiff does not owe debt subject to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010).

**IV. CONCLUSION**

For the above stated reasons,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act, (Doc. 30), **is granted**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $27,709.80 in attorney's fees.

**IT IS FURTHER ORDERED** that if there is a debt owed under the Treasury Offset Program, the remaining award after offset will be paid in the name of the Plaintiff, but the check will be sent to Plaintiff's counsel. However, if the SSA determines that Plaintiff does

///
///
///
///

not owe a federal debt subject to offset and agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, payment shall be made in the name of Plaintiff's counsel.

Dated this 13th day of July, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge